IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   CIVIL ACTION NO.   5:13-cv-03478

J&S RESTAURANT & CATERING, LLC, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *United States' Motion for Partial Summary Judgment* (Document 18) and accompanying *Memorandum in Support* (Document 19) filed on January 17, 2014. To date, the Defendants have not filed a response or otherwise opposed the motion.

**BACKGROUND**

The United States filed a six-count *Complaint for Federal Taxes* (Document 1) on February 26, 2013, in which it seeks to: (1) "reduce to judgment federal employment tax assessments, unemployment tax assessments, and a civil penalty assessment made against Danny Redden, as the single member of J&S Restaurant & Catering, LLC ("J&S Restaurant") . . . for various tax periods from 2002 to 2010;" (2) "foreclose federal tax liens against three parcels of certain real property jointly titled to Danny Redden and his wife, Suzanne Redden;" (3) "foreclose federal tax liens against one parcel of real property held by Suzanne Redden, who holds bare legal title to the real property as the nominee or alter ego of Danny Redden;" (4) "foreclose [and sell the] federal tax liens against the business personal property of J&S Restaurant and Danny Redden," and use the "proceeds of the sales . . . in accordance with the rights of the parties determined

herein." (Document 1 at 1-2.) Defendants, J&S Restaurant, LLC (J&S), Danny Redden, and Suzanne Redden, filed their *Answer* (Document 4) on March 15, 2013.

After the Court entered the *Scheduling Order* (Document 17) on May 29, 2013, no further activity is reflected in this case until the Plaintiff, United States, filed its motion for partial summary judgment on January 17, 2014.[1] Therein, the United States again seeks "to reduce to judgment" certain federal tax assessments against the Defendants, "foreclose the tax liens of the United States" against real and personal property, and to "obtain a judicial sale" of said properties, with "the proceeds from such sale being distributed according to the relative priorities of the parties' claims." (Document 19 at 1.)

The United States only seeks judgment on Count One of the complaint. (Document 19 at 1.) It argues that the United States' "assessment is the official recording of the Secretary of the Treasury's determination that a taxpayer owes particular taxes," and that such assessment (and its certificates), coupled with an accompanying declaration, establish a *prima facie* case. (*Id*. at 2-3.) The United States avers that both the assessment and affidavit are entitled to a "presumption of correctness," which the Defendants may overcome via proving by a "preponderance of the evidence that the assessment is erroneous." (*Id*. at 4.) (quotations and citations omitted.) Thus, the United States argues that the Defendants owe $327,232,95, as of January 13, 2014, for "unpaid employment taxes assessed for the periods of March 31, 2003 through March 31, 2010; the unpaid unemployment taxes assessed for the periods of December 31, 2003 through December 31, 2009; and for the unpaid section 6721 penalty assessed for 2002." (*Id*. at 5.)

---

1     The United States attached the following exhibits to its motion for partial summary judgment: (1) a three page statement of material facts, dated January 17, 2014; (2) a five page affidavit of Kimberly A. Alvarez, dated January 16, 2014; (3) 165 pages of tax documents related to the Defendants' assessments; (4) 74 pages of tax documents related to the Defendants' assessments; (5) a one page proposed order; and (6) a one page certificate of service, dated January 17, 2014.

I. **APPLICABLE LAW**

*A. Summary Judgment*

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); see also *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); News & Observer, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at

3

\*3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, \*3 (S.D.W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir.1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

   *B. Tax Liens*

"An assessment amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes. It is well established in the tax law that an assessment is entitled to a legal presumption of correctness – a presumption that can help the Government prove its case against a taxpayer in court." *U.S. v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) (citations omitted). The Fourth Circuit Court of Appeals has also held that "[t]he Government establishe[s] a prima facie case in support of the tax liability charged in the complaints when it introduce[s] into evidence the certified copies of the certificates of assessment." *U.S. v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980) (citations omitted.) "This presumption is not limited merely to the amount of the assessment but requires that the taxpayer

4

*demonstrate* that he was not a responsible person or that his failure to pay the taxes was not willful." *Pomponio*, 635 F.2d at 296. (emphasis added.)

## DISCUSSION

The Court finds that the United States is entitled to summary judgment on Count One. The uncontested facts, consisting of certified assessments from the Internal Revenue Service as well as the affidavit of Kimberly A. Alvarez, Revenue Officer for the Internal Revenue Service, indicate that the Defendants owe approximately $327,232.95 up to and including January 13, 2014. (See Document 18-3 at 1-165; 18-4 at 1-74; and 18-2.) Further, the Defendants have failed to respond or otherwise challenge the United States' motion for partial summary judgment, or make any effort to rebut the presumption that the assessment is proper and correct. Thus, the Defendants have failed to meet their burden of demonstrating a genuine issue of material fact with respect to the assessments and penalties.

## CONCLUSION

Accordingly, after careful consideration and based on the findings above, the Court **ORDERS** that the *United States' Motion for Partial Summary Judgment* (Document 18) be **GRANTED**. Specifically the Court **ORDERS** that the Plaintiff be **GRANTED** summary judgment as to **Count One**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party. ENTER: March 28, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA